**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:  (415) 488-8041
Facsimile:   (415) 651-9700
*Attorneys for Plaintiff*,
Thomas Schmidt

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMIDT<br><br>Plaintiff,<br><br>v.<br><br>SECURITY CREDIT SERVICES, LLC, HUNTINGTON DEBT HOLDING, LLC and ALLIANT CAPITAL MANAGEMENT;<br><br>Defendants | **Case No.:** 19-cv-00058<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>1.) **FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br><br>2.) **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL CIV §§ 1788, ET SEQ.; AND**<br><br>3.) **FAIR DEBT BUYING PRACTICES ACT CAL CIV §§ 1788, ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

**COMPLAINT FOR DAMAGES**

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## INTRODUCTION

1. This is a case about a financially responsible man who attempted to make installment payments on a leased item in any way possible – online, by check, by phone – but was unable to do so because the online payment portal was inoperative, and the company did not permit payments any other way. Defendants subsequently attempted to collect the debt in violation of State and Federal collections laws.

2. **THOMAS SCHMIDT** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorney fees, and costs, against **SECURITY CREDIT SERVICES, LLC, HUNTINGTON DEBT HOLDING, LLC and ALLIANT CAPITAL MANAGEMENT** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and for violations of the Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 (hereinafter "FDBPA"), all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint

alleges violations of the statutes cited in their entirety.

5. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

6. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of those Defendants named.

## JURISDICTION AND VENUE

7. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8. This action arises out of Defendants' violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), and for violations of the Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 (hereinafter "FDBPA").

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and

transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## FDCPA AND RFDCPA

10. In enacting the FDCPA, Congress found that:

   a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

   c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

   d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

   e. It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses. 15 U.S.C. § 1692.

11. Similarly, when enacting the RFDCPA, the California Legislature found that:

   The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. Cal. Civil Code § 1788.1(a)(1).

12. The FDCPA and the RFDCPA are both strict liability statutes. That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to

establish liability. *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

## INTRADISTRICT ASSIGNMENT

14. Intradistrict assignment to the San Francisco Division or Oakland Division is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of CONTRA COSTA.

## PARTIES

15. Plaintiff is a natural person who resides in the County of Contra Costa, State of

California. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by Cal. Civ. Code § 1785.3(b), and a "Debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant Security Credit Services, LLC (hereinafter "Defendant SCS") is a Mississippi limited liability company operating from an address of 306 Enterprise Drive, Oxford, MS 38655, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the acquisition and collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

17. Defendant Huntington Debt Holding, LLC (hereinafter "Defendant HDH") is a New York limited liability company operating from an address of 80 State Street, Albany, NY 12207, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually

every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

18. Defendant Alliant Capital Management (hereinafter "Defendant ACM") is a New York corporation operating from an address of 210 John Glenn Drive, Amherst, NY 14228, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

19.

20. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

21. This case involves Plaintiff's "Charged-off consumer debt(s)" as that term is

defined by Cal. Civ. Code § 1788.50(a)(2)

22. Defendant Security Credit Services, LLC is a "Debt buyer" as that term is defined by Cal. Civ. Code § 1788.50(a)(1) and is regularly engaged in the business of purchasing charged-off consumer debt for collection purposes.

23. Plaintiff is informed and believes, and thereon allege that at all times herein mentioned Named Defendants were agents, officers, directors, managing agents, employee and/or joint venturer of each of their co-defendants and, in doing the things hereafter mentioned, each was acting in the scope of his authority as such agent, officer, director, managing agent, employee, and/or joint venturer, and with the permission, knowledge, ratification, and consent of their co-defendants, and each of them. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## FACTUAL ALLEGATIONS

24. Plaintiff is an individual residing in the County of Contra Costa in the State of California.

25. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendants conducted and continue to conduct business in the State of California.

26. Defendant SCS's business consists solely of the acquisition and collection of delinquent consumer debts.

27. Defendants HDH and ACM's businesses consist solely of the collection of delinquent consumer debts.

28. In or around December 2017, Plaintiff leased a washer and dryer from Sears Department Stores. The lease term was twelve months, with an option to purchase after five installment payments under the lease, or to continue the lease payments.

29. Plaintiff made five installment payments, and fell behind on his payments because the payment portal through which Plaintiff had successfully made the five installment payments was suddenly inoperable.

30. Defendant SCS purchased the charged-off debt from the original creditor, Sears, and hired Defendants HDH and ACM as debt collectors for the subject debt.

31. The Defendants, and each of them, all communicated with the Plaintiff at some point regarding the debt at issue. The Defendants did not notify Plaintiff each time they communicated with Plaintiff that the communication was from a debt collector.

32. None of the Defendants provided Plaintiff, within five days of the initial communication and/or in the initial communication, with a writing which contained a statement that unless the consumer disputes the validity of the debt, or any portion thereof within thirty days of the initial communication that the debt will be assumed to be valid by the debt collector.

33. None of the Defendants provided Plaintiff, within five days of the initial communication and/or in the initial communication, with a writing which

contained a statement that if the consumer notified the Defendant(s) in writing within 30 days that the debt or any portion is disputed, the Defendant(s) would obtain verification of the debt.

34. None of the Defendants provided Plaintiff, within five days of the initial communication and/or in the initial communication, with a writing which contained a statement that upon the consumer's written request within the 30-day period, the Defendant(s) would provide the consumer with the name and address of the original creditor.

35. None of the Defendants ever provided Plaintiff with the notice required by the Fair Debt Buying Practices Act.

36. None of the Defendants are the original creditor for the debt at issue in this case.

37. None of the Defendants provided a written notice to Plaintiff which included the description of debtor rights stated in Cal. Civ. Code §1812.700, which states, "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location

or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

## ACTUAL DAMAGES

38. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF § 1692E OF THE FDCPA

### *AGAINST ALL DEFENDANTS*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. A debt collector violates § 1692e(11) of the FDCPA when it fails to disclose in the initial written communication and/or in the initial oral communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and failure to disclose in subsequent communications that the communication is from a debt collector.

41. Defendants, and each of them, violated § 1692e when they each, among other qualifying actions and omissions, failed to disclose to the Plaintiff that each and every communication from Defendants, and each of them, was from a debt collector.

## COUNT II

### VIOLATION OF § 1692G OF THE FDCPA

*AGAINST ALL DEFENDANTS*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. A debt collector violates § 1692g of the FDCPA when it fails, within five days after the initial communication with a consumer, to send certain notice to the consumer.

44. Defendants, and each of them, violated § 1692g when they each, among other qualifying actions and omissions, willfully and without justification, failed within five days of initially contacting Plaintiff to send him the notices required by § 1692g(a).

## COUNT III

### VIOLATION OF § 1788.17 OF THE RFDCPA

*AGAINST ALL DEFENDANTS*

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

47. Defendant violated § 1788.17 of the RFDCPA when they each, among other qualifying actions and omissions, failed to disclose to the Plaintiff that each and every communication from Defendants, and each of them, was from a debt collector, in violation of 15 U.S.C. § 1692e(11).

48. Defendant violated § 1788.17 of the RFDCPA when they each, among other qualifying actions and omissions, willfully and without justification, failed within five days of initially contacting Plaintiff to send him the notices required by § 1692g(a), in violation of 15 U.S.C. § 1692g(a).

49. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692e and § 1692g.

## COUNT IV

### VIOLATION OF § 1812.700 OF THE RFDCPA

*AGAINST ALL DEFENDANTS*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. A debt collector violates § 1812.700 of the RFDCPA when it fails to send in the first written notice to a consumer the exact notice stated in § 1812.700(a).

52. Defendants, and each of them, violated § 1812.700 when they each, among other

qualifying actions and omissions, willfully and without justification, failed to provide Plaintiff with the exact notice stated in §1812.700(a) in the first written communication each Defendant sent to Plaintiff, whether via mail, e-mail, or otherwise in writing.

## COUNT V

### VIOLATION OF § 1788.52(D)(1) OF THE FDBPA

*AGAINST DEFENDANT SECURITY CREDIT SERVICES, LLC*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. A debt buyer violates § 1788.52(d)(1) of the FDBPA when it fails to send in the first written communication to the alleged debtor, the exact notice stated in § 1788.52(d)(1).

55. Security Credit Services, LLC violated § 1788.52(d)(1) of the FDBPA when it willfully and without justification, failed to provide Plaintiff with the exact notice stated in §1788.52(d)(1) in the first written communication it sent to Plaintiff, whether via mail, e-mail, or otherwise in writing.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

    a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each

Defendant and for Plaintiff, and pursuant to Cal. Civ. Code § 1788.62 (FDBPA) against Defendant SCS and for Plaintiff; and

b) Award of statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against each Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against each Defendant and for Plaintiff, and,

d) Award of statutory damages in the amount of $1,000 for each violation as the court deems proper pursuant to Cal. Civ. Code § 1788.62 (FDBPA) against Defendant SCS and for Plaintiff, and,

e) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA), pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), and pursuant to Cal. Civ. Code § 1788.62 (FDBPA) against each Defendant and for Plaintiff, and,

f) Award to Plaintiff of such other and further relief as may be just and proper.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

BY: /s/ Lauren B. Veggian
Lauren B. Veggian, Esq.

## TRIAL BY JURY IS DEMANDED.

56. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED: January 4, 2019

THE CARDOZA LAW CORPORATION
BY: /s/ Lauren B. Veggian
Michael F. Cardoza, Esq.
Lauren B. Veggian, Esq.
Attorneys for Plaintiff,
Thomas Schmidt