**YU | MOHANDESI LLP**

**Brett B. Goodman** (SBN 260899)
213.375.3543 | bgoodman@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendants
Security Credit Services, LLC, Huntington Debt Holding, LLC, and Alliant Capital Management

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SCHMIDT,<br><br>    Plaintiff,<br><br>v.<br><br>SECURITY CREDIT SERVICES, LLC, HUNTINGTON DEBT HOLDING, LLC, AND ALLIANT CAPITAL MANAGEMENT,<br><br>    Defendant. | Case No.: 3:19-cv-00058-VC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Defendants Security Credit Services, LLC ("SCS"), Huntington Debt Holding, LLC ("HDH"), And Alliant Capital Management ("ACM") (collectively the "Defendants") and files this Answer to Plaintiff's Complaint, and will show onto this Court as follows:

## INTRODUCTION

1. Defendants deny they violated any state or federal collection laws. Defendants are without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 1, and therefore deny the same.

2. Defendants admit Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (the "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (the "RFDCPA"), and the Fair Debt Buying Practices Act, California Civil Code §§ 1788.50-1788.64 (the "FDBPA"). Defendants deny they violated any of these statutes.

3. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 4, and therefore deny the same.

4. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 4, and therefore deny the same.

5. Defendants deny Paragraph 5.

6. Defendants admit that are companies they can only act through their agents and employees acting within the scope of their employment. Defendants deny any of their agents or employees violated any statutes.

## JURISDICTION AND VENUE

7. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 7, and therefore deny the same.

8. Defendants deny Paragraph 8.

9. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 9, and therefore deny the same.

## FDCPA AND RFDCPA

10. Defendants deny Paragraph 10 as an incomplete and/or inaccurate statement of law.

11. Defendants deny Paragraph 11 as an incomplete and/or inaccurate statement of law.

12. Defendants deny Paragraph 12 as an incomplete and/or inaccurate statement of law.

13. Defendants deny Paragraph 13 as an incomplete and/or inaccurate statement of law.

## INTRADISTRICT ASSIGNMENT

14. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 14, and therefore deny the same.

## PARTIES

15. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 15, and therefore deny the same.

16. SCS admits it is a Mississippi limited liability company operating at an address of 306 Enterprise Drive, Oxford, MS 38655. SCS admits it sometimes operates as a debt collection agency in multiple states but lacks sufficient information to state whether it qualifies as a debt collector according to the FDCPA and/or RFDCPA.

17. HDH admits it is a New York limited liability company operating at an address of 80 State Street, Albany, NY 12207. HDH admits it sometimes operates as a debt collection agency in multiple states but lacks sufficient information to state whether it qualifies as a debt collector according to the FDCPA and/or RFDCPA.

18. ACM admits it is a New York corporation operating at an address of 210 John Glenn Drive, Amherst, NY 14288. ACM admits it sometimes operates as a debt collection agency in multiple states but lacks sufficient information to state whether it qualifies as a debt collector according to the FDCPA and/or RFDCPA.

19. Plaintiff left Paragraph 19 blank, therefore no response is necessary.

20. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 20, and therefore deny the same.

21. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 21, and therefore deny the same.

22. SCS admits it sometimes purchases debts. Defendants are without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 22, and therefore deny the same.

23. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 23, and therefore deny the same.

## FACTUAL ALLEGATIONS

24. Defendants admit Plaintiff is an individual. Defendants are without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 24, and therefore deny the same.

25. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 25, and therefore deny the same.

26. SCS admits it sometimes purchases debts. Defendants are without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 26, and therefore deny the same.

27. HDH and ACM admit they sometimes collect debts. Defendants are without sufficient information to form a belief necessary to admit or deny the remainder of Paragraph 27, and therefore deny the same.

28. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 28, and therefore deny the same.

29. Defendants are without sufficient information to form a belief necessary to admit or deny Paragraph 29, and therefore deny the same.

30. Defendants admit Paragraph 30.

31. Defendants admit they communicated with Plaintiff. Defendants deny the remainder of Paragraph 31.

32. Defendants deny Paragraph 32.
33. Defendants deny Paragraph 33.
34. Defendants deny Paragraph 34.
35. Defendants deny Paragraph 35.
36. Defendants admit Paragraph 36.
37. Defendants deny Paragraph 37.

### ACTUAL DAMAGES

38. Defendants deny Paragraph 38.

### COUNT I

39. Defendants reincorporate the preceding paragraphs as if fully set out herein.
40. Defendants deny Paragraph 40 as an incomplete and/or inaccurate statement of law.
41. Defendants deny Paragraph 41.

### COUNT II

42. Defendants reincorporate the preceding paragraphs as if fully set out herein.
43. Defendants deny Paragraph 43 as an incomplete and/or inaccurate statement of law.
44. Defendants deny Paragraph 44.

### COUNT III

45. Defendants reincorporate the preceding paragraphs as if fully set out herein.
46. Defendants deny Paragraph 46 as an incomplete and/or inaccurate statement of law.
47. Defendants deny Paragraph 47.
48. Defendants deny Paragraph 48.
49. Defendants deny Paragraph 49.

### COUNT IV

50. Defendants reincorporate the preceding paragraphs as if fully set out herein.

51. Defendants deny Paragraph 51 as an incomplete and/or inaccurate statement of law.

52. Defendants deny Paragraph 52.

## COUNT V

53. Defendants reincorporate the preceding paragraphs as if fully set out herein.

54. Defendants deny Paragraph 54 as an incomplete and/or inaccurate statement of law.

55. Defendants deny Paragraph 55.

## PRAYER FOR RELIEF

56. Defendants deny Plaintiff's Prayer for Relief and its subparts, and denies Plaintiff is entitled to any relief or damages.

## TRIAL BY JURY

57. Defendants admit Plaintiff seeks a trial by jury in this case.

## AFFIRMATIVE DEFENSES

58. Plaintiff's damages if any are the result of the actions of third parties over whom Defendants have no control.

59. Plaintiff's damages, if any were pre-existing damages not caused by Defendants.

60. Plaintiff has failed to mitigate damages if any.

61. Plaintiff proximately caused her own damages, if any.

62. Any violations of the FDCPA are the result of an unintentional bona fide error.

63. Some or all of Plaintiff's claims are barred by the relevant statute of limitations.

DATED: January 29, 2019

YU | MOHANDESI LLP

By  /s/ Brett B. Goodman
Brett B. Goodman
Attorney for Defendants Security Credit Services, LLC, Huntington Debt Holding, LLC, and Alliant Capital Management

**CERTIFICATE OF SERVICE**

I certify that on January 29, 2019, a copy of the foregoing was filed and served electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: January 29, 2019

         YU | MOHANDESI LLP

         By   */s/ Brett B. Goodman*
            Brett B. Goodman
            Attorney for Defendants
            Security Credit Services, LLC, Huntington Debt Holding, LLC, and Alliant Capital Management